PLOTKIN, Judge.
Relator was convicted of burglary and was thereafter charged as a multiple offender. His conviction and sentence was affirmed. He previously filed multiple writ applications contesting his adjudication as a multiple offender, which were denied.
In this application he seeks a writ of mandamus, alleging that the trial court failed to rule on his application for post conviction relief filed on or about September 27, 1989. In the interest of judicial economy, we now consider relator’s writ application.
Relator claims that he was denied effective assistance of counsel at the multiple bill proceeding because his counsel failed to “properly object to the trial court’s failure in advising petitioner of his statutory and constitutional rights to remain silent and to have the state prove its case prior to accepting petitioner’s admission through counsel that petitioner was one in the same person previously convicted.”
In writ 89-K-1195, this court held that the proceedings were fundamentally fair despite the fact that the defense offered to stipulate that the relator was the same person previously convicted because the state was prepared to call a police officer to prove relator identification. Attorneys are encouraged to accept stipulations of facts, when no factual dispute exists, in order to promote judicial efficiency. Therefore, a stipulation of identity to a prior conviction at a multiple bill hearing with the knowledge and consent of the defense is not grounds for post-conviction relief based on ineffective assistance of counsel.
Relator’s second claim, that his counsel should have objected to the trial court’s failure to properly advise him of his constitutional rights, is also without merit. This issue was also decided in writ 89-K-1195, which held that the multiple offender bill hearing was fundamentally fair.
BARRY, J., concurs.